PER CURIAM.
This is an appeal from a final summary judgment of foreclosure of a mechanic’s lien against real property owned by appellant Cynwyd Investments. Appellee filed a four-count amended complaint; while a motion to dismiss was pending as to counte II, III and IV, appellee moved for summary judgment. After hearing arguments of counsel, the trial court awarded a final summary judgment to appellee as to count I, which sought foreclosure of appellee’s claim of lien, and this appeal ensued. We reverse.
A motion for summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Fla.R.Civ.P. 1.510(c).
Here, attached to the amended complaint was a certificate from the clerk which affirmatively stated that the claim of lien had been transferred to a surety bond with conditions as set forth in section 713.-24, Florida Statutes (1985). Also, count IV of the amended complaint referred to the lien being transferred. Therefore, the trial judge was without authority to enter a summary judgment.
Once a bond is executed the lienor’s remedy is against the surety on the bond. “Upon filing the certificate of transfer, the real property shall thereupon be released from the lien claimed, and such lien shall be transferred to said security.” § 713.-24(l)(b), Fla.Stat. (1985).
We recognize there are other issues remaining for resolution. Some of these are under consideration by the trial court and others are being developed. We deem it unnecessary and inappropriate to address any such issues at this posture of the litigation.
Accordingly, we vacate the summary judgment and remand for further proceedings.
*460 SCHEB, A.C.J., SCHOONOVER and BOARDMAN, EDWARD F., (Ret.) JJ., concur.